UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY CARO,

                              Plaintiff,

              -against-

COMMUNTY ACCESS INC.,

                              Defendant.

23-CV-3512 (JHR)

ORDER OF SERVICE

JENNIFER H. REARDEN, United States District Judge:

  *Pro se* Plaintiff Randy Caro brings this action under Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that his former employer discriminated against

him based on his race.  By order dated April 27, 2023, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[1]  *See Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013) ("Generally, a *pro se* litigant proceeding *in forma pauperis* is entitled to rely

on the U.S. Marshals Service to effect service."); *see also* § 1915(d) ("The officers of the court

shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order

that service be made by the Marshals Service if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons
be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could
not have served the summons and the Complaint until the Court reviewed the Complaint and
ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days
after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Community Access Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the Complaint is not served on Defendant within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes.  The Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to: (1) issue a summons; (2) complete a USM-285 form with the address for Community Access Inc.; and (3) deliver to the U.S. Marshals Service all documents necessary to effect service on Defendant.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: May 23, 2023
      New York, New York

JENNIFER H. REARDEN
United States District Judge

2

**DEFENDANT AND SERVICE ADDRESS**

Community Access Inc.
621 Water Street
New York, NY 10002